FILED IN CLERKS OFFICE
MAR 2 '26 PM2:20 USDC MA

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CHRISTOPHER P. DALY,

Plaintiff,

v.

Civil Action No. _____

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

JURY TRIAL DEMANDED

COMPLAINT

INTRODUCTION

1. This action arises from Defendant Experian Information Solutions, Inc.'s ("Experian") negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and its unfair and deceptive acts in violation of M.G.L. c. 93A.
2. Experian repeatedly published materially inaccurate and internally contradictory information concerning Plaintiff's credit account with Austin Capital Bank SSB. Despite receiving detailed disputes from Plaintiff, Experian failed to conduct reasonable reinvestigations and failed to follow reasonable procedures to assure maximum possible accuracy.

THE PARTIES

3. Plaintiff Christopher P. Daly is a natural person residing at 1395 Main Street, Apt. 1, Worcester, Massachusetts 01603.
4. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), regularly conducting business in Massachusetts.

JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.
6. Supplemental jurisdiction over the state law claim exists under 28 U.S.C. § 1367.
7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides here and the harm occurred here.

FACTUAL ALLEGATIONS

8. Experian maintained and published a tradeline for:
AUSTIN CAPITAL BANK SSB
Account No.: 8A1702XXXX ("the Account").
9. The Account reporting was materially inaccurate and misleading.
10. Plaintiff was never 30 days late in February, June, or July 2025 as Experian reported.
11. Experian's reporting was internally contradictory, including:

a. July 16, 2025 – "Open. $49 past due as of Jul 2025," balance $1,975.

b. July 31, 2025 – "Paid, Closed/Never late."

c. November 6, 2025 – "30 days past due as of Jul 2025, Jun 2025."

d. November 8, 2025 – "24-month Payment History: Data Unavailable."

e. November 10, 2025 – 30 days late in February 2025, then closed in March 2025.

12. These shifting and conflicting representations rendered the report inaccurate and misleading.

DISPUTES AND FAILURE TO REINVESTIGATE

13. On or about July _16_, 2025, Plaintiff submitted a written dispute to Experian regarding the Account.
14. Experian received the dispute.
15. Experian responded by stating the information was "verified" or "updated," without correcting the inaccuracies.
16. Plaintiff submitted additional disputes on or about November _1_, 2025, again detailing the inaccuracies and providing supporting documentation.
17. Experian failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i(a).
18. Experian failed to follow reasonable procedures to assure maximum possible accuracy in violation of 15 U.S.C. § 1681e(b).
19. Experian failed to forward all relevant information provided by Plaintiff to the furnisher, in violation of 15 U.S.C. § 1681i(b).
20. Experian continued to furnish consumer reports containing the inaccurate Account after receiving Plaintiff's disputes.

DAMAGES

21. As a direct and proximate result of Experian's inaccurate reporting, Plaintiff suffered actual damages.
22. Plaintiff was denied access to mainstream financial services and forced to rely on high-fee prepaid financial products.
23. Plaintiff incurred out-of-pocket costs and financial instability as a result.
24. Plaintiff suffered severe emotional distress, anxiety, and humiliation.
25. Plaintiff's treating psychiatric provider documented a clinically significant regression coinciding with prolonged unresolved credit reporting issues.
26. The extreme financial stress resulting from Experian's reporting was a substantial contributing factor to Plaintiff's medically documented stress-related decline.

COUNT I

NEGLIGENT VIOLATIONS OF THE FCRA (15 U.S.C. § 1681o)

27. Plaintiff incorporates paragraphs 1–26.
28. Experian negligently violated 15 U.S.C. § 1681e(b).
29. Experian negligently violated 15 U.S.C. § 1681i(a).
30. Experian negligently violated 15 U.S.C. § 1681i(b).
31. Plaintiff suffered actual damages as a result.

COUNT II

WILLFUL VIOLATIONS OF THE FCRA (15 U.S.C. § 1681n)

32. Plaintiff incorporates paragraphs 1–31.
33. Experian acted willfully and with reckless disregard for its statutory duties.
34. Plaintiff is entitled to statutory damages, punitive damages, and costs under 15 U.S.C. § 1681n.

COUNT III

VIOLATION OF M.G.L. c. 93A

35. Plaintiff incorporates paragraphs 1–34.
36. Experian's conduct was unfair and deceptive within the meaning of M.G.L. c. 93A § 2.
37. Plaintiff sent a written demand for relief pursuant to M.G.L. c. 93A § 9(3) on or about January 13, 2026.
38. Experian failed to make a reasonable settlement offer.
39. Experian's conduct was willful and knowing.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. Actual damages;

B. Statutory and punitive damages under 15 U.S.C. § 1681n;

B. Statutory and punitive damages under 15 U.S.C. § 1681n;

C. Multiple damages under M.G.L. c. 93A;

D. Costs of suit;

E. An order requiring correction of inaccurate reporting;

F. Such other relief as the Court deems just.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: February 23, 2026

Respectfully submitted,

/s/ Christopher P. Daly

Christopher P. Daly

1395 Main St Apt 1

Worcester, MA 01603

Chris.daly79@icloud.com

774-293-3844

Pro Se Plaintiff